UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REBECCA A. SIDELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-0607-TWP-TAB |
| | ) | |
| CRF FIRST CHOICE, INC., | ) | |
|     Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SANCTIONS

Rebecca Sidell, the Plaintiff in this action, was employed as a direct care staff member by Defendant, CRF First Choice, Inc. ("CRF"), from October 2001 through her termination in November 2007. As alleged by Ms. Sidell, CRF is a private for-profit-company which, under contract with the State of Indiana, operates several long term residential care facilities for the mentally retarded. Ms. Sidell claims that she was terminated from her position with CRF in retaliation for her reporting, both verbally and in writing, criminal activity and breaches of state laws and regulations at the facilities where she worked. She has filed a three count Amended Complaint. The first two counts are brought under 42 U.S.C. § 1983 and seek to redress the deprivation of her constitutional rights to free speech and due process, respectively. The third count asserts a state law retaliatory discharge claim.

Before the Court for consideration is the Motion to Dismiss (Doc. #23) filed by CRF, pursuant to Fed.R.Civ.P. 12(b)(6). CRF notes that there is no dispute that it is a private employer and claims that the facts alleged by Ms. Sidwell do not amount to state action, which is necessary to invoke § 1983. It also contends that Ms. Sidell has pled no facts which would support a claim for retaliatory discharge which would overcome the presumption of employment at will in Indiana. In a separate motion (Doc. # 32), CRF asks us to sanction Plaintiff's counsel for asserting claims which CRF maintain are not warranted by existing law and are frivolous.

We agree that there is no state action involved in this matter and, therefore, that enforcement of the protections of the First or Fourteenth Amendments through application of 42 U.S.C. § 1983 is not warranted here. While there may be no state action here, we do not find Plaintiff's assertion of a federal claim to be frivolous in light of Indiana's own constitutional commitment to "provide, by law, for the support of" institutions caring for the mentally infirm and the resulting intertwining nature of the state and private service providers. Ind. Const. Art. 9 §1. Further, we decline to exercise supplemental jurisdiction to reach a determination on Plaintiff's state law claim and will dismiss it without prejudice to the pursuit of that claim in state court.

***Standards for Rule 12(b)(6) Motion to Dismiss & Motion for Sanctions***

A Motion to Dismiss under Rule 12(b)(6) requires the court to analyze the legal

sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc*., 144 F.3d 1037, 1039 (7th Cir.1998). We must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiff, for her part, must do more than solely recite the elements of a claim; she must plead with sufficient particularity so that her right to relief appears as more than mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead facts so that, when accepted as true, they show the plausibility of her claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). She must do more than plead facts that are "consistent with Defendant's liability" because that only shows the possibility, not the plausibility, of their entitlement to relief. *Id*. (internal quotations omitted).

Rule 11 of the Federal Rules of Civil Procedure authorizes sanctions against a party or attorney who files frivolous pleadings, files pleadings for an improper purpose such as to harass, or makes allegations that they know have no basis in law or fact. We may impose sanctions for a violation of Rule 11 either upon a party's motion or on its own initiative. Fed.R.Civ.P. 11(c). The purpose of Rule 11 is to deter baseless filings in the district court. *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In determining whether Rule 11 sanctions are warranted, we must "undertake an objective inquiry into whether the party or his counsel should have known that his position was groundless." *CUNA Mut. Ins. Soc. v. Office and Prof'l*

*Employees Int'l Union, Local* 39, 443 F.3d 556, 560 (7th Cir.2006) (quoting *CNPA v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir.1987)).

## *Discussion*

Ms. Sidell contends that CRF's termination of her employment amounts to state action, a requirement for the application of 42 U.S.C. § 1983, because the State of Indiana closely regulates and funds the provision of services by CRF and because the Indiana Constitution requires the state to provide support for the institutions caring for the mentally infirm, leaving CRF in the role of a *de facto* state actor. The problem with this argument is that it runs counter to well established precedent from the Supreme Court finding that neither close regulation by the state nor requirement that it fund certain medical or nursing services renders the decisions of a private care provider "state action." *Blum v. Yaretsky*, 457 U.S. 991, 1012 (1982).

In *Blum* nursing home residents were challenging decisions which were made regarding the level of their long term care and argued that the private nursing homes they resided in were providing a function that was traditionally a role of the state. *Id*. at 1009-1010. The Supreme Court found that, neither the payment and close oversight by the State of New York nor that state's constitution's authorization for legislative funding for nursing home care gave the color of law to decisions of the nursing home staff. *Id.* at 1012. In the circumstances at bar, Ms. Sidell is even further removed from any tinge of

state involvement, because she is not an individual receiving the care that she argues is mandated by the Indiana Constitution, but simply working as an employee of the private company which provides the state requested services. While Ms. Sidell may be entitled to the protections of the Indiana whistleblower statutes because her employer was under state contract, the day-to-day administrative decisions of a company providing services at the state's request or payment are not decisions "traditionally and exclusively made by the sovereign for and on behalf of the public." *Id.* at 1012-1013; *see also, Spencer v. Lee*, 864 F.2d 1376, 1379 (7th Cir. 1989). Consequently, the decision of CRF to terminate Ms. Sidell's employment is not state action and she has failed to plead facts which would support the plausibility of her entitlement to relief under 42 U.S.C. § 1983.

Objectively, we find that counsel for Ms. Sidell has not asserted the claims frivolously. His search for a legal theory to underpin his client's assertion of wrongdoing and conclusion that there was a basis for asserting a federal claim is not so far afield as to be frivolous because of the historically heavy state involvement in the delivery of care to the mentally handicapped in Indiana and the rather complicated legal determination of when a private entity has assumed a role which is traditionally that of the government. Accordingly, sanctions are not appropriate here.

Because Plaintiffs' federal law claims are subject to dismissal, the only claim remaining is her state-law claim for retaliatory discharge under Count III of the Amended Complaint. Supplemental jurisdiction of such a claim may be declined where a court has

"dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). Thus, the "sensible presumption" is that if the federal claims drop out before trial, "the district court should relinquish jurisdiction over the state-law claims." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007). Consistent with these guidelines, because Ms. Sidell's federal claims are subject to dismissal, we shall relinquish jurisdiction over the remaining state-law claim.

*Conclusion*

For the reasons explicated in this entry, the court GRANTS CRF's Motion to Dismiss (Doc. #23), dismissing with prejudice the Plaintiff's claims under 42 U.S.C. § 1983 and declining supplemental jurisdiction over the claims made pursuant to state law. CRF's Motion For Sanctions (Doc. #32) is DENIED.

IT IS SO ORDERED THIS 7th DAY OF JULY, 2010.

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:
Lawrence M. Reuben
Law Offices of Lawrence M. Reuben
reuben@reubenlaw.net

John Patrick Ryan Jr.
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Breanne J. Strubinger
SCHUCKIT & ASSOCIATES P.C.
bstrubinger@schuckitlaw.com

Craig Warner Wiley
HALL RENDER KILLIAN HEATH & LYMAN
cwiley@hallrender.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com